Deaderick, J.,
delivered the opinion of the court.
' In the lifetime of Wm. C. Roberts the defendant, John T. Roberts, filed his bill in the Chancery Court át Dresden, alleging that he and his brother, the said Wm. C. Roberts, were appointed and qualified as co-executors of the last will and testament of their deceased mother, Mary Roberts; that considerable funds have come to the hands of said Wm. C. Roberts, and that he made collections of money due the estate and put the “same into his own pocket;” that he had sent out of the State large quantities of tobacco and cotton, and was buying and contracting for large quantities of tobacco and cotton at will and at reckless prices, and “hasshipped part to New Orleans and St. Louis, and is preparing to ship the remainder to these points, which are without the limits of Tennessee; that the said Wm. C. Roberts has been drinking very hard for six months past, and is continually intoxicated, and is wholly incapable of transacting business, and. that he fears great loss on account of their joint liability as executors unless protected by the court,” and amongst other things prayed for and obtained an attachment.
While this bill was pending, W. C. Roberts died, and some time thereafter this insolvent bill is filed setting out the insolvency of his estate. The assets of said Wm. C. Roberts are now ready for distribution and the Chancellor having decreed that said John T. Roberts by his attachment bill acquired no right to *476 priority of satisfaction of his claims, decreed that the assets be distributed pro rata amongst all the creditors, including the said John T. Roberts. From this decree said John T. Roberts appeals.
It is insisted by complainant that no sufficient ground for the attachment is stated in the bill of said John T. Roberts, and that no lien can be predicated of the allegations thereof. Whether upon demurrer or motion to discharge said attachment by defendant, if made in that case, the grounds alleged would have been sufficient, it is unnecessary to determine, as no sucb motion was made. The allegations were sufficient to have warranted the appointment of a receiver, and thus practically to have attained the objects of an attachment. The attachment however was issued upon the'fiat of the Chancellor, and the decree in this case recites, that it is agreed by counsel that the attachment was duly issued and levied upon the property of Wm. C. Roberts in his lifetime, and we are of opinion it operated to give said John T. Roberts a lien upon the property attached while subsisting and until it .was discharged by the court. It was still subsisting at the time of the rendition of the decree in this case, and as the decree shows that it was agreed also that said attachment was levied upon property sufficient to satisfy the debts for which it was attached we are of opinion that said debts should be fully paid.
The statutes of distribution of insolvent estates do not affect the liens acquired upon a decedent’s property previous to his death, by the levy of an attachment, *477 any more than liens by judgment and execution. 11 Hum., 569; 1 Sneed, 351; 3 Head, 392.
The Chancellor’s decree will be reversed and the cause remanded.